# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REEL, | CASE NO. 1:11-cv-01772 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MAILROOM STAFF, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636©).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Wasco State Prison, brings this civil rights action against the mailroom staff at Wasco State Prison, as well as "any prison staff connected with the assignment or process of mailing legal material from Wasco State Prison mailroom."

Plaintiff's statement of claim, in its entirety, follows:

> I have mailed time sensitive legal material from Wasco State Prison through the legal mail service as designed by C.D.C.R., the mail I sent through legal mail on 09.29.11 to my attorney at the law office of Bailey, Perrin Bailey of Houston, TX and this legal letter was not mailed until 10.10.11, eleven days after the mail the mailroom staff took possession of this legal letter in a pre-paid envelope for overnight delivery. Due to the delay in service, I have been penalized due to my response being beyond the due date.

(Compl. ¶ IV.)

**A.   Access to Courts**

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886

1  F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach,
2  however, providing that all inmate claims for interference with access to the court include "actual
3  injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).
4         To establish a Bounds violation, a prisoner must show that his prison's law library or legal
5  assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey,
6  supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to
7  discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the
8  right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

         Here, the Court finds Plaintiff's allegations to be vague.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

         Plaintiff fails to identify any individual defendants, and fails to charge any particular individual with conduct that deprived Plaintiff of access to the Courts, as that term is defined above.

1  Further, the Court finds Plaintiff's allegations regarding his injury to be vague.  Plaintiff refers to a
2  letter he sent to a law office, and a penalty for being late.  Plaintiff does not specifically refer to a
3  legal action contesting his underlying conviction or challenging the conditions of his confinement.
4  Plaintiff's allegations indicate at most that mailroom staff caused a delay in a letter sent to a law
5  office.  This allegations is insufficient to state a claim for relief for denial of access to the courts.

6  Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
7  hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
8  that defendant is employed and in what capacity, and explain how that defendant acted under color
9  of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must
10 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.
11 Plaintiff has failed to do so here.

12 **III.    Conclusion and Order**

13 The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
14 which relief may be granted under section 1983.  The Court will provide Plaintiff with the
15 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
16 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
17 change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,
18 507 F.3d at 607 (no "buckshot" complaints).

19 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
20 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
21 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
22 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
23 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

24 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
25 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
26 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
27 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
28 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

  1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

  2. The Clerk's Office shall send to Plaintiff a complaint form;

  3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

  4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

  5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 7, 2012**     /s/ **Gary S. Austin**
                UNITED STATES MAGISTRATE JUDGE